[No. 9228. Department Two. April 18, 1911.]

SCANDINAVIAN AMERICAN BANK, *Appellant*, v. JOHN F. APPLETON, *Respondent*.[1]

BILLS AND NOTES—BONA FIDE PURCHASER—HOLDER IN DUE COURSE —EVIDENCE—SUFFICIENCY. Where the title to a note was defective by reason of fraud not discovered until after it was negotiated to a bank, and the bank established, by the undisputed evidence of disinterested witnesses, that it took the same before maturity for full value in good faith, it is entitled to a directed verdict as a holder in due course; and it is not evidence of bad faith, or sufficient to put the bank on inquiry, and prevent a directed verdict, that the maker had previously negotiated to the same bank the notes of another person the title to which was claimed to be defective, where the prior transaction was closed and settled three months before the note in question was negotiated to the bank, and bore no relation to it, and there was no occasion to prosecute any inquiry on the prior transaction.

PLEDGES—NOTE AS COLLATERAL—RIGHT OF PLEDGEE—CORPORATIONS —STOCKHOLDERS — SURETIES ON PRINCIPAL NOTE. Where a stockholder's notes for his stock subscription were negotiated by the corporation as collateral security for its own note, which was indorsed by other stockholders who had paid their stock subscription, the holder in due course of the principal and collateral notes may enforce the collateral, although it was fraudulently obtained, without first proceeding to collect the principal note, where the corporation

[1]Reported in 115 Pac. 109.

had gone into the hands of a receiver and was not shown to be solvent, and the indorsers financially responsible on the principal note were only sureties for the corporation.

DUNBAR, C. J., dissents.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 13, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on promissory notes. Reversed.

*Roberts, Battle, Hulbert & Tennant,* for appellant.

*Douglas, Lane & Douglas,* for respondent.

CROW, J.—Action by the Scandinavian American Bank against John F. Appleton, on two promissory notes. From a judgment against it, the plaintiff has appealed.

The notes of the respondent, for $1,000 each, dated January 23, 1909, due in four and five months, were executed and delivered to the Electric Transportation Company, in payment of a stock subscription. On May 7, 1909, they were assigned to appellant as collateral security for the $5,000 note of the transportation company. The transaction in which these notes were thus assigned is the one mentioned in our opinion in *Scandinavian American Bank v. Johnston,* *ante* p. 187, 115 Pac. 102. That opinion fully discloses the facts. About the only difference between respondent's position and that of Johnston is that respondent's notes, pledged as collateral, were executed in the preceding January. This cause having been tried without a jury, is now before us for trial *de novo.* Without repeating the facts which appear in the *Johnston* case, we will simply state that, upon the evidence now before us, substantially the same as in the *Johnston* case, we cannot approve the finding of the trial judge that the appellant bank was not a *bona fide* holder of respondent's notes for value in due course.

Respondent, in this action, contends, that the principal $5,000 note was collectible; that his collateral notes were

fraudulently obtained; and that the bank should be compelled
to first proceed against the principal note.   In support of
this position, respondent cites, *Prentice & Weissinger v. Zane*,
2 Gratt. (Va.) 262; *Hulett v. Marine Sav. Bank*, 143 Mich.
219, 106 N. W. 879, 4 L. R. A. (N. S.) 1042, and *Citizens'*
*Bank v. Bank of Waddy*, 126 Ky. 169, 103 S. W. 249, 128
Am. St. 282, 11 L. R. A. (N. S.) 589.   The evidence in this
action discloses the fact that the endorsers on the principal
note, shown to be financially responsible, had subscribed and
paid for their stock in the transportation company, and
that the appellant, Appleton, to the extent of $2,000, and
Johnston to the extent of $3,000, had not paid their stock
subscription except by giving their notes.   If they could now
be released from liability thereon, they would be relieved from
paying for their stock, and the endorsing stockholders, who
have already paid their subscriptions in full would, in ad-
dition thereto, have to pay the principal note.   Whether this
circumstance had any controlling influence over the bank in
making its election to first proceed on the collateral notes
does not appear.   The evidence does show that the only re-
sponsible parties on the principal note are the endorsing
stockholders, and not the transportation company, which,
as maker, is primarily liable.

None of the cases cited by respondent sustains his conten-
tion that the bank should be required to first proceed against
the endorsers.   *Prentice & Weissinger v. Zane, supra,* in no
respect touches the question.   In *Hulett v. Marine Sav. Bank*,
*supra*, there was sufficient evidence to sustain a finding that
the endorsee, who held the defendant's note as collateral, was
not a holder in good faith.   The maker of the principal note
was also shown and conceded to be financially responsible and
able to pay.   The maker of the principal note in this case
is now in the hands of a receiver and not shown to be solvent.
In *Citizens' Bank v. Bank of Waddy, supra,* one Paxton
had delivered to the Bank of Waddy his renewal note,
without at the time obtaining a surrender of his orig-

inal note, which had theretofore been assigned as collateral security. Instead of procuring and returning his original note, the cashier of the Bank of Waddy fraudulently assigned the renewal note to another bank as collateral. It was held that, if necessary to the collection of the principal indebtedness, for which his two notes had been assigned as collateral, the maker, Paxton, would be obliged to pay his original and also his renewal note, although given for but one debt. But it was further held that, for Paxton's protection, the endorsees would first be required to look to their other collateral, and that, if their principal notes could be thus satisfied, one of Paxton's notes should be surrendered to him. There was no question as to the liability of the makers of any of the other notes which constituted the remaining collateral. No such circumstances appear in this action. The only principal obligation, to which the rule for which appellant contends could be applied, if applied at all, is the debt of the transportation company. It could not be applied to the endorsers. Respondent's notes were properly endorsed by the transportation company, and before their maturity delivered to appellant, who then became a holder in good faith for value and in due course.

Reversed and remanded, with instructions to enter judgment in favor of the appellant.

CHADWICK and MORRIS, JJ., concur.

DUNBAR, C. J., dissents.